**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN MOTOLESE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No.:** |
| **v.** | : | |
| | : | |
| | : | |
| | : | |
| **VIAMEDIA, INC., JEFF FRANK,** | : | |
| **ANNETTE ZERBE, TODD KUHN,** | : | |
| **and JERRI TACKET,** | : | |
| **Defendants.** | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

## I. PRELIMINARY STATEMENT

This is an action for an award for damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Dawn Motolese (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant, Viamedia, Inc. (hereinafter "Viamedia"), who has been harmed by the sex-based harassment, sex-based discrimination, and retaliatory practices as well as other improper conduct by Viamedia and its agents, servants, and representatives including but not limited to Jeff Frank, Director of Sales; Annette Zerbe, Human Resources Manager; Todd Kuhn, Vice President and General Manager; and Jeri Tacket, Vice President of Human Resources.

This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*., the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 et seq., and Pennsylvania common law.

## II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1331 and 1391, 2201, 2202, 1343 and the

claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e, *et seq*.

2. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §951 et seq.

3. Venue is proper in the Eastern District of Pennsylvania in that some or all of the events complained of herein occurred in Northampton County, Pennsylvania.

4. As to the Title VII claims, Plaintiff has invoked the procedure set forth in § 706(a) of Title VII.  On July 11, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was jointly filed with the Pennsylvania Human Relations Commission, against Viamedia and the Individual Defendants alleging, inter alia, sex-based harassment, sex-based discrimination, and retaliatory practices as well as other improper conduct by Viamedia and its agents, servants, and representatives.

5. On September 2, 2014, a Notice of Right to Sue was issued by the EEOC.

6. This action has been filed within ninety (90) days of receipt of said Notice.

7.  More than one year has elapsed since the filing of Plaintiff's Complaint with the PHRC.

## III.  PARTIES

8. Plaintiff is an adult female citizen and resident of the Commonwealth of Pennsylvania, residing in Schnecksville, Pennsylvania.

9. At all times relevant hereto, Plaintiff has been a "person" or "employee" as defined under Title VII, and is subject to the provisions of the said Act.

10. Viamedia is a Pennsylvania corporation with a principle place of business in Bethlehem, Pennsylvania.

11. At all times relevant hereto, Jeff Frank (hereinafter "Frank"), male, was the Director of Sales for Viamedia. At all times relevant hereto, Frank was an agent, servant, workman and/or employee of Viamedia, acting and or failing to act within the scope, course and authority of his employment and his employer, Viamedia. At all times relevant, Frank was acting in his supervisory and personal capacity.

12. At all times relevant hereto Annette Zerbe (hereinafter "Zerbe"), female, was the Human Resources Manager for Viamedia. At all times relevant hereto, Zerbe was an agent, servant, workman, and/or employee of Viamedia, acting and or failing to act within the scope, course and authority of her employment and her employer, Viamedia. At all times relevant, Zerbe was acting in her capacity as an employee of Viamedia and her personal capacity.

13. At all times relevant hereto Todd Kuhn (hereinafter "Kuhn"), male, was the Vice President and General Manager of Viamedia. At all times relevant hereto, Kuhn was an agent, servant, workman, and/or employee of Viamedia, acting and or failing to act within the scope, course and authority of his employment and his employer, Viamedia. At all times relevant, Kuhn was acting in his capacity as an employee of Viamedia and his personal capacity.

14. At all times relevant hereto Jeri Tacket (hereinafter "Tacket"), female, was the Vice President of Human Resources for Viamedia. At all times relevant hereto, Tacket was an agent, servant, workman, and/or employee of Viamedia, acting and or failing to act within the scope, course and authority of her employment and her employer, Viamedia.

At all times relevant, Tacket was acting in her capacity as an employee of Viamedia and her personal capacity.

15. At all times relevant hereto, Viamedia has been a "person" or "employer" as defined under Title VII, and is subject to the provisions of the said Act.

16. At all times relevant hereto, Viamedia acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

17. Viamedia has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of sexual harassment, gender discrimination, and retaliation.

18. At all relevant times herein, Viamedia knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

## IV. CAUSES OF ACTION

19. In October of 2006, Plaintiff was hired by Viamedia as a Part-Time Office Assistant.

20. At all relevant times herein, Plaintiff was an exemplary, competent, and proper employee with performance issues prior to being retaliated against for reporting sex-based harassment, sex-based discrimination, and retaliation.  In fact, Plaintiff was promoted every year from 2006 to 2013, moving from a Part-Time Office Assistant to the Manager of Creative Services.

21. Beginning in or about May of 2012, Plaintiff was subjected to continuous sexual harassment and gender-based discrimination by Frank, including, but not limited to Frank making statements about having a "fattest chick" contest and disparaging

comments about larger and overweight women.

22. Frank committed this inappropriate sexual harassment and gender-based discrimination despite Plaintiff's objections and without Plaintiff's consent.

23. On or about May 11, 2012, Plaintiff reported and complained of Frank's sexual harassment and gender-based discrimination to Zerbe.  Plaintiff specifically stated that Frank's behavior was disrespectful and unprofessional.

24. Despite having actual notice of Frank's sexual harassment and gender-based discrimination from Plaintiff's report to Zerbe, Viamedia took no remedial action.

25. Frank continued to act the aforementioned manner.  In fact, Frank retaliated against Plaintiff for reporting his sexual harassment and gender-based discrimination by berating Plaintiff in front of other Viamedia employees for a false and baseless reason.

26. On or about October 24, 2012, Plaintiff again reported and complained of Frank's sexual harassment, gender-based discrimination, retaliation, and creation of a hostile work environment to Zerbe.

27. At this time, Zerbe told Plaintiff that her and Frank "need to get along and work better together" and Plaintiff would have to tolerate Frank's behavior.  Again, Viamedia took no remedial action

28. On or about January 31, 2013, Frank continued to discriminate against Plaintiff due to her gender and retaliate against her for reporting his conduct.  Frank's continued sexual harassment, gender-based discrimination, and retaliation included, but was not limited to:

      a.  Calling Plaintiff a "fat *ss f*cking b*tch";

      b.  Telling Viadmedia employees he was sick of Plaintiff; and

      c.  Instructing other Viamedia employees, specifically Christy Delrio, to further harass Plaintiff.

29. Shortly thereafter, Plaintiff reported this discriminatory and hostile conduct to Kuhn, who stated that "this stuff is a pain in my balls" and refused to take any remedial action.

30. Due to this response from Kuhn in response to Plaintiff's report of Frank's sexual harassment, gender-based discrimination, and retaliation, Plaintiff reported Frank's conduct to Zerbe for the third time and reported this conduct to Tacket, who work at Viamedia's corporate headquarters in Kentucky on or about February 5, 2013. Plaintiff informed Tacket that she had reported this conduct on three separate occasions and no remedial action was taken

31. In response, Tacket sent the complaint to Zerbe to handle and took no remedial action.

32. Zerbe retaliated against Plaintiff by yelling at her for reporting Frank's conduct directly to Tacket. Zerbe held a meeting with Plaintiff, Kuhn, and Frank but no remedial steps were taken to discourage Frank's conduct.

33. As retaliation and a direct and proximate result of Plaintiff engaging in the protected conduct of reporting Frank's sexual harassment, gender-based discrimination, and retaliation on multiple occasions, Plaintiff was terminated on or about April 2, 2014. Viamedia eliminated Plaintiff's position with no warning. This basis was false, manufactured, and pretextual as Viamedia still had a substantial need for such a position and the work performed by Plaintiff.

34. Despite Plaintiff's numerous complaints, Viamedia failed to take prompt, appropriate remedial action which would be reasonably calculated to redress and correct the illegal behavior of its employees.

35. Immediately after Plaintiff reported Frank's conduct, Viamedia began a continuous course of retaliation against Plaintiff for complaining of sexual harassment and gender-based discrimination.  The retaliation includes, but is not limited to, the following:

   a.  Allowing Frank to continuously sexually harass and discriminated against Plaintiff based on her gender;

   b.  Maintaining Plaintiff's job reporting and working in close proximity to Frank;

   c.  Intentionally refusing to respond to and/or delaying responses to Plaintiff's complaints of sexual harassment, gender-based discrimination, and retaliation by Frank;

   d.  Failing to conduct a full, prompt, proper, and effective investigation into Frank's sexual harassment, gender-based discrimination, and retaliation;

   e.  Failing to initiate effective remedial action designed to ensure that future sexual harassment, gender-based discrimination, and retaliation would not happen; and

   f.  Terminating Plaintiff's employment for false and pretextual reasons.

36. Viamedia created or permitted to exist a hostile work environment within which Plaintiff was asked to function.

37. Plaintiff believes, and therefore avers, that Viamedia created and/or permitted an intolerable and hostile work environment designed to interfere with her employment and to victimize her because she reported the illegal actions of Frank by, but not limited to the following:

   a.  Creating and fostering a work environment that was openly hostile toward Plaintiff; and

b.   Creating and fostering a work environment that was so openly hostile toward Plaintiff that when she complained about the sexual harassment and retaliation, she was ignored.

38. Viamedia was responsible and liable for the conduct of its employees for subjecting Plaintiff to sexual harassment, gender-based discrimination, and retaliation while employed at Viamedia and a hostile work environment based on this conduct and for failing to protect Plaintiff from the above stated unlawful conduct.

39. As a direct result of the conduct of Viamedia, Plaintiff has been irrevocably damaged.

40. As a direct result of the conduct of Viamedia, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

41. As a direct result of Defendants' conduct, Plaintiff has suffered a loss of earnings.

**COUNT I**
**PLAINTIFF v. VIAMEDIA**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991**

42. Paragraphs 1 through 41, inclusive, are incorporated by reference as if fully set forth at length herein.

43. Based on the foregoing, Viamedia has engaged in unlawful practices in violation of Title VII.  The said unlawful practices for which Viamedia is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against her because of her expressed opposition to offensive sexually related conduct in the work place, subjecting her to more onerous working conditions, and treating her in a disparate manner.

44. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Viamedia in violation of Title VII, Plaintiff sustained loss of earnings,

severe emotional and psychological distress, loss of self-esteem, loss of future earning

power, plus back pay, front pay and interest due thereon.

**COUNT II**
**PLAINTIFF v. VIAMEDIA**
**RETALIATION UNDER TITLE VII**

45. Paragraphs 1 through 44, inclusive, are incorporated by reference as if fully set forth at

length herein.

46. By the acts complained of, Viamedia has retaliated against Plaintiff for exercising her

rights under Title VII, which constitutes a violation of Title VII.

47. Viamedia's foregoing continued adverse employment actions and violations, including

retaliation against Plaintiff under circumstances giving rise to an inference of

discrimination and retaliation, were taken without valid and just cause.

48. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary

damages as a result of Viamedia's retaliatory practices unless and until this Court grants

relief.

**COUNT III**
**PLAINTIFF v. VIAMEDIA**
**NEGLIGENCE UNDER TITLE VII**

49. Paragraphs 1 through 48, inclusive, are incorporated by reference as if fully set forth at

length herein.

50. Viamedia was negligent in the following respects:

    a. Failing to implement an effective, well-known and uniformly enforced policy

       against sex-based harassment, sex-based discrimination, and retaliation;

    b. Failing to properly investigate Plaintiff's complaints of sex-based harassment,

       sex-based discrimination, and retaliation;

    c.   Failing to take any action reasonably calculated to remedy Plaintiff's complaints of sex-based harassment, sex-based discrimination, and retaliation;

    d.   Failing to impose any discipline upon their employees who had engaged in sex-based harassment, sex-based discrimination, and retaliation;

    e.   Failing to take reasonable actions to discover illegal sex-based harassment, sex-based discrimination, and retaliation by their employees; and

    f.   Failing to take reasonable actions to prevent illegal sex-based harassment, sex-based discrimination, and retaliation from taking place.

51. Viamedia owed Plaintiff a duty in all of the respects set forth in Paragraph 50, but failed to perform each of those duties as set forth above.

52. As a direct, reasonable and foreseeable result of the negligence of Viamedia, Plaintiff suffered the injuries and damages set forth above.

**COUNT IV**
**PLAINTIFF v. VIAMEDIA**
**VIOLATION OF THE PHRA**

53. Paragraphs 1 through 52, inclusive, are incorporated by reference as if fully set forth at length herein.

54. The unlawful actions of Viamedia acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act. The said unlawful practices for which Viamedia is liable to Plaintiff include, but are not limited to, treating Plaintiff in a disparate and discriminatory manner and retaliating against Plaintiff because of gender and her expressed opposition to the offensive sexually related conduct in the work place and disparate treatment.

55. As a direct result of Viamedia's willful and unlawful actions in treating employees,

including Plaintiff, in a discriminatory and retaliatory manner in violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

**COUNT V**
**PLAINTIFF v. FRANK, ZERBE, KUHN, and TACKET**
**AIDING AND ABETTING UNDER THE PHRA**

56. Paragraphs 1 through 55, inclusive, are incorporated by reference as if fully set forth at length herein.

57. The unlawful actions of the Individual Defendants acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act.  The said unlawful practices for which the Individual Defendants are liable to Plaintiff include, but are not limited to, treating Plaintiff in a disparate and discriminatory manner and retaliating against Plaintiff because of gender and her expressed opposition to the offensive sexually related conduct in the work place and disparate treatment..

58. As a direct result of the Individual Defendants' willful and unlawful actions in treating employees, including Plaintiff, in a discriminatory manner in violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

59. At all relevant times herein, the Individual Defendants knew, or had reason to know,

of the actions alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same, and aided and abetted the illegal conduct of Viamedia.

**STATEMENT OF FACTS JUSTIFYING**
**THE IMPOSITION OF PUNITIVE DAMAGES**

60. Paragraphs 1 through 59, inclusive, are incorporated by reference as if fully set forth at length herein.

61. At all times relevant hereto, Viamedia knew or should have known of the pattern of conduct in which the Individual Defendants had engaged and in which they continued to engage.

62. At all times relevant hereto, Viamedia knew or should have known that the aforesaid pattern of conduct was in violation of the law.

63. At all times relevant hereto, Viamedia acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well-being of the Plaintiff.

64. Plaintiff therefore demands punitive damages under Title VII.

**V.  PRAYER FOR RELIEF**

65. Plaintiff repeats the allegations of paragraphs 1 through 64 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Viamedia and requests that this Court:

    a.  Exercise jurisdiction over her claims;

    b.  Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma,

a. including, but not limited to, trauma endured in litigating this matter, and punitive damages;

b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

c. Order Viamedia compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

d. Order Viamedia compensate Plaintiff with an award of front pay, if appropriate;

e. Order Viamedia compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

f. Order Viamedia pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

g. Order Viamedia pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law; and

h. The Court award such other relief as is deemed just and proper.

## VI.  **JURY DEMAND**

Plaintiff demands trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By: _____

David L. Deratzian, Esquire
Attorney ID 49841
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
Attorneys for Plaintiff

Dated:  November 13, 2014